09-2030-ag
Zheng v. Holder

BIA
Abrams, IJ
A096 401 442

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand ten.

PRESENT:

DENNIS JACOBS,
*Chief Judge*,
JOSEPH M. McLAUGHLIN,
GERARD E. LYNCH,
*Circuit Judges*.

_____

JIAN XUN ZHENG, ALSO KNOWN AS KENNY KANG JADE,
*Petitioner*,

v.                                    09-2030-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Xun Zheng, a native and citizen of the People's Republic of China, seeks review of an April 21, 2009, order of the BIA affirming the April 30, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Xun Zheng*, No. A096 401 442 (B.I.A. Apr. 21, 2009), *aff'g* No. A096 401 442 (Immig. Ct. N.Y. City Apr. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 293, 296 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

The IJ found Zheng not credible because: (1) his demeanor at his hearing was "vague" and "elusive"; (2) although he testified that his church was destroyed by

2

Chinese authorities, neither his asylum application nor the letters from his wife and fellow churchgoer made any such assertion; (3) he testified inconsistently regarding when the church was destroyed; (4) the letter from his wife was "suspect" because it was not the first version of the letter and because Zheng asked her to rewrite it; (5) his testimony that he was fired from his job was contradicted by his friend's letter and his wife's letter stating that he quit; and (6) the dates on the photographs depicting the church before and after it was destroyed were the same. Additionally, the BIA found that Zheng's testimony that he began attending a particular church in California in May 2005 was contradicted by the church pastor's letter stating that he began attending church services in May 2004.

Zheng only challenges the agency's last two findings, arguing that he adequately explained the date on the photographs and the inconsistency identified by the BIA. Although Zheng's explanations might be plausible, no reasonable factfinder would have been *compelled* to credit his explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005); *see also Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007). Regardless, he has waived any challenge to the IJ's other findings, which stand as valid

3

bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008). Thus, substantial evidence supports that determination. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). As Zheng was unable to meet his burden for asylum, he has necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Although Zheng sets forth the standard for CAT relief in his brief before this Court, he does not challenge the basis of the IJ's denial of that relief – that he did not testify that he would be subject to anything amounting to torture – or otherwise argue that any evidence established a likelihood of torture upon his return to China. Accordingly, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4